STATE OF CONNECTICUT *v.* DUANE BANKS
(AC 17786)

Schaller, Hennessy and Mihalakos, Js.

Argued January 27—officially released August 1, 2000

*Harry Weller*, senior assistant state's attorney, with whom, on the brief, were *James E. Thomas*, state's attorney, *Warren Maxwell*, senior assistant state's attorney, and *Edward Narus*, assistant state's attorney, for the appellant (state).

*Rosemarie Weber*, certified legal intern, with whom were *Susan M. Hankins*, assistant public defender, and, on the brief, *Katarzyna Maluszewski*, certified legal intern, for the appellee (defendant).

*Opinion*

SCHALLER, J. The state appeals from the judgment of the trial court, following the defendant's conviction of several crimes,[1] imposing a total effective sentence of imprisonment of twenty-five years to run concurrently with a previous criminal contempt sentence of three

---

[1] After a jury trial, the defendant was convicted of robbery in the first degree in violation of General Statutes §§ 53a-134 (a) (4) and 53a-8, conspiracy to commit robbery in the first degree in violation of General Statutes §§ 53a-134 (a) (4) and 53a-48 (a), and robbery in the third degree in violation of General Statutes §§ 53a-136 and 53a-136a.

months. On appeal, the state claims that the trial court in this case improperly ordered that the defendant's sentence was to run concurrently with a previously imposed criminal contempt sentence. We affirm the judgment of the trial court.

The following facts are relevant to this appeal. On November 29, 1995, the court, *Espinosa, J.*, summarily found the defendant, Duane Banks, in criminal contempt of court[2] on three separate occasions during a hearing on a motion for modification of bail. The court sentenced the defendant to consecutive prison terms of three months on each contempt finding, for a total effective sentence of nine months. The defendant filed a writ of error challenging the court's three summary judgments of criminal contempt and moved for a stay of sentence.[3] Our Supreme Court affirmed the first contempt judgment and the resulting three month sentence, and reversed the other two contempt judgments. *Banks* v. *Thomas*, 241 Conn. 569, 698 A.2d 268 (1997) (*Banks I*).

Prior to the decision in *Banks I*, the defendant was convicted on the robbery charges, and on November 15, 1996, the court, *Spada, J.*, sentenced the defendant to a total effective sentence of twenty-five years. The court failed, however, to specify whether the sentence was to be concurrent with or consecutive to the contempt sentences previously imposed. On September 19, 1997, pursuant to Practice Book § 43-22 and General Statutes § 53a-37, the state filed a motion to correct an illegal sentence, seeking clarification on whether the

---

[2] General Statutes § 51-33a (a) provides: "Any person who violates the dignity and authority of any court, in its presence or so near thereto as to obstruct the administration of justice, or any officer of any court who misbehaves in the conduct of his official duties shall be guilty of contempt and shall be fined not more than five hundred dollars or imprisoned not more than six months or both."

[3] The stay was granted on January 17, 1996.

sentences were to be concurrent or consecutive.[4] At the hearing, Judge Spada clarified his original sentence, stating: "A sentence of twenty-five years is more than adequate and, therefore, the sentence imposed by [me] . . . is to run concurrent with the sentence imposed by Judge Espinosa of three months." The court thereafter denied the motion to correct the sentence. The present appeal ensued.

The state claims that the court improperly ordered that the defendant serve his criminal contempt sentence and the sentence on the robbery charges concurrently. It is the state's position that the trial court did not have the power to impose concurrent sentences for criminal contempt and a subsequent criminal conviction. We disagree.

The state raises an issue of first impression for this court when it questions whether a court has the authority to order that a criminal sentence run concurrently with a previously imposed criminal contempt sentence that was imposed by a different trial court.[5] We con-

[4] To ensure that the issue regarding the defendant's sentence would not become moot, the state on July 25, 1997, filed a motion to maintain the stay of the defendant's contempt sentence. By order dated September 24, 1997, our Supreme Court granted this motion until twenty days after the trial court's action on the pending motions to correct the illegal sentence.

[5] General Statutes § 53a-37 provides: "Multiple sentences: Concurrent or consecutive, minimum term. When multiple sentences of imprisonment are imposed on a person at the same time, or when a person who is subject to any undischarged term of imprisonment imposed at a previous time by a court of this state is sentenced to an additional term of imprisonment, the sentence or sentences imposed by the court shall run either concurrently or consecutively with respect to each other and to the undischarged term or terms in such manner as the court directs at the time of sentence. The court shall state whether the respective maxima and minima shall run concurrently or consecutively with respect to each other, and shall state in conclusion the effective sentence imposed. When a person is sentenced for two or more counts each constituting a separate offense, the court may order that the term of imprisonment for the second and subsequent counts be for a fixed number of years each. The court in such cases shall not set any minimum term of imprisonment except under the first count, and the

clude that a trial court may run a criminal sentence concurrently with an earlier criminal contempt sentence.

A trial court generally is empowered with the discretion to award concurrent or consecutive sentences pursuant to General Statutes § 53a-37. "Under . . . § 53a-37, the trial court is authorized to impose sentences on multiple counts either to run concurrently with each other or to run consecutively to each other. The determination whether to impose concurrent or consecutive sentences is a matter within the sound discretion of the trial court." *State* v. *King*, 249 Conn. 645, 688, 735 A.2d 267 (1999). General Statutes § 53a-28,[6] however, limits the application of § 53a-37 to "offenses." In *Wilson* v. *Cohen*, 222 Conn. 591, 598–99, 610 A.2d 1177 (1992), our Supreme Court stated that criminal contempt is not a criminal offense. See *State* v. *Jackson*, 147 Conn. 167, 170, 158 A.2d 166 (1960). Furthermore, § 53a-37 "is limited by its plain language to those instances in which a court imposes an additional criminal sentence on a defendant already serving a criminal sentence previously imposed by a Connecticut court." *Copeland* v. *Warden*, 225 Conn. 46, 53, 621 A.2d 1311 (1993). Criminal contempt, therefore, is not a matter within the scope of § 53a-37.

The failure of General Statutes § 53a-37 to address a court's authority to impose a criminal sentence concurrent with a criminal contempt sentence does not necessarily deny the court such power. Our Supreme Court "long ago concluded that a criminal contempt proceeding should conform as nearly as possible to proceedings in criminal cases." *Wilson* v. *Cohen*, supra, 222 Conn.

---

fixed number of years imposed for the second and subsequent counts shall be added to the maximum term imposed by the court on the first count."

[6] General Statutes § 53a-28 (a) provides in relevant part that "every person convicted of an *offense* shall be sentenced in accordance with this title." (Emphasis added.)

599. Moreover, this court has stated that "[t]he inherent right of courts to impose consecutive sentences has long been recognized at common law. . . . Determining whether two sentences will be concurrent or consecutive is part of the judicial function of imposing sentences upon a convict and is a matter for the determination of the court." (Citations omitted; internal quotation marks omitted.) *Copeland* v. *Warden,* 26 Conn. App. 10, 12, 596 A.2d 477 (1991), aff'd, 225 Conn. 46, 621 A.2d 1311 (1993). It would be contrary to common-law principles to conclude that the power to impose a term of imprisonment concurrent with the sentence for criminal contempt is beyond the power of the trial court. See id. "We do not read statutes to depart from the common law without a clear indication of legislative intent to do so. . . . A statute should not be construed as altering the common law unless the intent to do so is fairly expressed in the statute." (Citation omitted.) *Leydon* v. *Greenwich,* 57 Conn. App. 712, 721, 750 A.2d 1122, cert. granted on other grounds, 254 Conn. 904, 905, 755 A.2d 881, 882 (2000). Absent an affirmative statement to the contrary, the legislature did not intend to change the existing common-law doctrine in enacting § 53a-37. See id. Therefore, we conclude that the trial court properly imposed a sentence for a criminal offense to be served concurrent with a previously imposed sentence for criminal contempt.

The judgment is affirmed.

In this opinion the other judges concurred.