STATE OF CONNECTICUT *v.* CECIL J.[1]
(SC 17890)

Rogers, C. J., and Norcott, Vertefeuille, Zarella and Schaller, Js.

---

[1] In accordance with our policy of protecting the privacy interests of victims of sexual assault, we decline to use the last name of the defendant or to identify the victim or others through whom the victim's identity may be ascertained. See General Statutes § 54-86e.

Argued November 17, 2008—officially released June 2, 2009

*Darcy McGraw*, special public defender, for the appellant (defendant).

*Michele C. Lukban*, senior assistant state's attorney, with whom, on the brief, were *John A. Connelly*, state's

attorney, and *Eva Lenczewski*, supervisory assistant state's attorney, for the appellee (state).

*Opinion*

VERTEFEUILLE, J. In this certified appeal, the defendant, Cecil J., appeals from the judgment of the Appellate Court affirming the trial court's judgment of conviction of two counts of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (1) and (2)[2] and one count of risk of injury to a child in violation of General Statutes (Rev. to 1997) § 53-21.[3] *State* v. *Cecil J.*, 99 Conn. App. 274, 276, 913 A.2d 505 (2007). On appeal to this court, the defendant claims that the Appellate Court improperly concluded that the trial court's exclusion of evidence of the victim's prior sexual conduct pursuant to the rape shield statute, General Statutes § 54-86f,[4] did not violate the defendant's

---

[2] General Statutes § 53a-70 (a) provides in relevant part: "A person is guilty of sexual assault in the first degree when such person (1) compels another person to engage in sexual intercourse by the use of force against such other person or a third person, or by the threat of use of force against such other person or against a third person which reasonably causes such person to fear physical injury to such person or a third person, or (2) engages in sexual intercourse with another person and such other person is under thirteen years of age and the actor is more than two years older than such person . . . ."

[3] General Statutes (Rev. to 1997) § 53-21 provides in relevant part: "Any person who . . . (2) has contact with the intimate parts, as defined in section 53a-65, of a child under the age of sixteen years or subjects a child under sixteen years of age to contact with the intimate parts of such person, in a sexual and indecent manner likely to impair the health or morals of such child, shall be guilty of a class C felony."

[4] General Statutes § 54-86f provides in relevant part: "In any prosecution for sexual assault under sections 53a-70, 53a-70a, and 53a-71 to 53a-73a, inclusive, no evidence of the sexual conduct of the victim may be admissible unless such evidence is (1) offered by the defendant on the issue of whether the defendant was, with respect to the victim, the source of semen, disease, pregnancy or injury, or (2) offered by the defendant on the issue of credibility of the victim, provided the victim has testified on direct examination as to his or her sexual conduct, or (3) any evidence of sexual conduct with the defendant offered by the defendant on the issue of consent by the victim, when consent is raised as a defense by the defendant, or (4) otherwise so relevant and material to a critical issue in the case that excluding it would

constitutional right to confrontation and to present a defense against charges of sexual assault and risk of injury to a child. We conclude that the Appellate Court properly determined that the trial court's exclusion of evidence of the victim's prior sexual conduct was proper because the defendant's offer of proof lacked the specificity necessary to establish that the evidence was relevant. Accordingly, we affirm the judgment of the Appellate Court.

The Appellate Court opinion sets forth the following facts, which reasonably could have been found by the jury. "The defendant had been a member of the male victim's household and had been in a relationship with the victim's mother from the time the victim was two years old. The household also included the victim's mother, brother and two half-brothers. On an unspecified, snowy vacation day during the 1998–1999 school year, the nine year old victim was at home playing video games with his two younger half-brothers, M and A. The defendant asked the victim to step out of the living room with him and to go into the bathroom. Although the victim initially resisted going there, when he was threatened with a beating, he did as he was told.

"After closing the bathroom door, the defendant ordered the victim to pull down his pants and to lean over the bathtub. Once the defendant had pulled his own pants down, he held the victim in place and anally penetrated him. Hearing the apartment door open, the defendant warned the victim not to say anything. The

violate the defendant's constitutional rights. Such evidence shall be admissible only after a hearing on a motion to offer such evidence containing an offer of proof. On motion of either party the court may order such hearing held in camera, subject to the provisions of section 51-164x. If the proceeding is a trial with a jury, such hearing shall be held in the absence of the jury. If, after hearing, the court finds that the evidence meets the requirements of this section and that the probative value of the evidence outweighs its prejudicial effect on the victim, the court may grant the motion. . . ."

victim's mother overheard this warning and saw the victim and [the] defendant pulling up their pants. Although she inquired about what was going on, the victim responded that nothing had happened.

"After an altercation between the defendant and the victim's mother, the defendant left. Examining the victim's rectal area, the mother found it to be red and swollen. The mother called the family's pediatrician to express her concern that the victim might have been sexually abused. Although she was advised to take the victim to a hospital, she did not do so because the pediatrician would not confirm, over the telephone, that the victim had been sexually assaulted.

"After this incident, the victim slept more often on the couch in the living room. Some nights, he would wake up to see the defendant running away. He would then become aware of the fact that his pants were down and sometimes would experience pain in his face or his anus.

"At some time subsequent to these incidents, the victim was sent away from his home to live at the Stetson School in Massachusetts. During one of the victim's therapy sessions at the school, the victim's mother asked him what he thought about the defendant. The victim answered that the defendant was a sexual predator. Asked by his therapist to clarify what he meant by that, he declined to do so orally but wrote his answer down. He explained that he was still too nervous about what had happened to be able to talk about the events out loud." Id., 277–78.

"In a three count amended information, the state charged the defendant . . . with sexual assault in the first degree in violation of . . . § 53a-70 (a) (1), sexual assault in the first degree in violation of . . . § 53a-70 (a) (2) and risk of injury to a child in violation of General Statutes (Rev. to 1997) § 53-21 (2). After accepting the

verdict of the jury finding the defendant guilty on all three counts, the court sentenced him to seventeen years of incarceration and five years of special parole."[5] Id., 276.

Thereafter, the defendant appealed from the judgment of conviction to the Appellate Court claiming, inter alia, that the trial court improperly had excluded testimony relating to the victim's sexual conduct with two of his siblings. The Appellate Court affirmed the defendant's conviction, concluding that the trial court had properly excluded evidence of the victim's sexual conduct pursuant to the rape shield statute, § 54-86f. This certified appeal followed.[6]

As a preliminary matter, we set forth the standard of review. " 'We review the trial court's decision to admit [or exclude] evidence, if premised on a correct view of the law . . . for an abuse of discretion.' *State* v. *Saucier*, 283 Conn. 207, 218, 926 A.2d 633 (2007). 'We will make every reasonable presumption in favor of upholding the trial court's ruling, and only upset it for a manifest abuse of discretion.' " *State* v. *Snelgrove*, 288 Conn. 742, 758, 954 A.2d 165 (2008). "The trial court has wide discretion to determine the relevancy [and admissibility] of evidence . . . ." (Internal quotation marks omitted.) *State* v. *Johnson*, 289 Conn. 437, 462,

---

[5] "More specifically, the defendant was sentenced on the first count to fifteen years incarceration, ten of which are the mandatory minimum, and five years of special parole; the defendant was sentenced to seventeen years incarceration on the second count and five years on the third count. All sentences were to run concurrently for a total effective sentence of seventeen years, ten years of which are mandatory, and five years of special probation. The defendant was also ordered to pay a fine of $151. The [trial] court, sua sponte, corrected the original sentences imposed March 8, 2005." *State* v. *Cecil J.*, supra, 99 Conn. App. 276 n.5.

[6] We granted the defendant's petition for certification to appeal limited to the following issue: "Did the Appellate Court properly conclude that the trial court properly excluded evidence of prior sexual conduct pursuant to the rape shield statute?" *State* v. *Cecil J.*, 282 Conn. 904, 920 A.2d 310 (2007).

958 A.2d 713 (2008). "In order to establish reversible error on an evidentiary impropriety . . . the defendant must prove both an abuse of discretion and a harm that resulted from such abuse." (Internal quotation marks omitted.) *State* v. *Ramos*, 261 Conn. 156, 175, 801 A.2d 788 (2002).[7]

In this appeal, the defendant claims that the Appellate Court improperly determined that the trial court's exclusion of evidence of the victim's prior sexual conduct did not violate his sixth amendment right of confrontation. More specifically, the defendant asserts that the Appellate Court improperly affirmed the trial court's alleged misapplication of the factors enunciated in *State* v. *Rolon*, 257 Conn. 156, 183–84, 777 A.2d 604 (2001), to the defendant's offer of proof seeking to introduce evidence of the victim's prior sexual abuse by an older brother.[8] In response, the state asserts that the Appel-

---

[7] The defendant claims that the Appellate Court improperly applied the abuse of discretion standard of review to the trial court's decision to exclude the evidence of the victim's prior sexual conduct. The defendant asserts that, instead, the Appellate Court should have engaged in plenary review of the trial court's evidentiary ruling in this case. In support of his position, the defendant cites *State* v. *Saucier*, supra, 283 Conn. 218, wherein we concluded that, "[t]o the extent a trial court's admission of evidence is based on an interpretation of the Code of Evidence, our standard of review is plenary." We further explained, however, that "[w]e review the trial court's decision to admit evidence, if premised on a correct view of the law, however, for an abuse of discretion." Id. In the present case, the parties do not dispute that the admissibility of the evidence of the victim's prior sexual conduct is governed by the legal standard enunciated in *State* v. *Rolon*, 257 Conn. 156, 178–79, 777 A.2d 604 (2001), and that the trial court properly identified this legal standard when determining the admissibility of the evidence of the victim's prior sexual conduct in the present case. The parties' dispute, therefore, focuses on the trial court's application of the correct legal standard to the evidence proferred in the present case. We therefore conclude that the Appellate Court properly applied the abuse of discretion standard to the trial court's evidentiary ruling in the present case.

[8] The defendant also claims in this appeal that the Appellate Court improperly concluded that the trial court's exclusion of evidence regarding the victim's subsequent sexual conduct with a younger brother was proper. Our careful review of the defendant's petition for certification to appeal, the state's objection to the petition, and our order granting the defendant's

late Court properly affirmed the judgment of the trial court because the trial court correctly determined that the evidence relating to the victim's prior sexual conduct was not relevant in light of the factors set forth in *State* v. *Rolon*, supra, 183–84.

The following additional facts and procedural history are necessary to our resolution of the defendant's claim. Prior to trial, the state filed a motion in limine seeking, inter alia, to preclude the defendant from offering evidence related to the victim's prior sexual abuse by his older brother. The defendant objected, claiming that the evidence was relevant to the issue of the victim's knowledge of sexual matters.[9] In his offer of proof in support of this claim, the defendant asserted that the victim had been subjected to sexual abuse by his older brother during the time period of 1998 through 1999, which overlapped with the time period for the charges against the defendant. The defendant acknowledged, however, that he had no evidence of an actual incident of sexual abuse of the victim by his older brother and could not provide a time or place when any particular incident of sexual abuse had occurred. The trial court precluded the defendant from offering any evidence of the victim's prior sexual abuse by his older brother "[a]bsent a more detailed proffer . . . ."

Despite the trial court's earlier ruling on the motion in limine, during the defendant's cross-examination of the victim at trial, the defendant's attorney asked the

petition, demonstrates that the certified question was intended to be limited to the exclusion of evidence of *prior* sexual conduct, consistent with the defendant's petition for certification, which only addressed the victim's prior sexual conduct. We therefore conclude that the admissibility of evidence of the victim's *subsequent* sexual conduct is beyond the scope of the certified question, and we will not address it.

[9] Although the defendant's language was not precise, our review of the transcripts leads us to conclude that the defendant intended to offer the evidence to show a basis for the victim's sexual knowledge other than the alleged sexual assault committed by the defendant.

victim if he had had sex with his older brother and whether he had admitted to having sex with his older brother during an interview with the department of children and families (department). The state then objected. After the jury was excused, the trial court asked the defendant's counsel to explain the relevance of the evidence sought to be elicited by those questions. Defense counsel again replied that the evidence was relevant to show another source for the victim's sexual knowledge. See footnote 12 of this opinion. The trial court again precluded the defendant from offering such evidence in the absence of a more specific offer of proof. The trial court later clarified its ruling, stating that the defendant had failed to make the necessary offer of proof under *State* v. *Rolon*, supra, 257 Conn. 183–84.

Before addressing the merits of the defendant's claim, we briefly review our jurisprudence regarding the sixth amendment right to confrontation. "It is well established that a defendant has the right to confront witnesses against him as guaranteed by the confrontation clauses of both our federal and state constitutions. U.S. Const., amends. VI, XIV; Conn. Const., art. I, § 8; *Davis* v. *Alaska*, 415 U.S. 308, 318, 94 S. Ct. 1105, 39 L. Ed. 2d 347 (1974); *Chambers* v. *Mississippi*, 410 U.S. 284, 294, 93 S. Ct. 1038, 35 L. Ed. 2d 297 (1973); *Pointer* v. *Texas*, 380 U.S. 400, 403–404, 85 S. Ct. 1065, 13 L. Ed. 2d 923 (1965); *State* v. *Jarzbek*, 204 Conn. 683, 691–92, 529 A.2d 1245 (1987), cert. denied, 484 U.S. 1061, 108 S. Ct. 1017, 98 L. Ed. 2d 982 (1988); *State* v. *Maldonado*, 193 Conn. 350, 356, 478 A.2d 581 (1984); *State* v. *Wilson*, 188 Conn. 715, 721, 453 A.2d 765 (1982). '[T]he right of an accused in a criminal trial to due process is, in essence, the right to a fair opportunity to defend against the [s]tate's accusations. The rights to confront and cross-examine witnesses and to call witnesses in one's own behalf have long been recognized as essential to

due process.' . . . *State* v. *Stange*, 212 Conn. 612, 624–25, 563 A.2d 681 (1989), quoting *State* v. *Torres*, 210 Conn. 631, 644, 556 A.2d 1013 (1989); see *State* v. *Mastropetre*, 175 Conn. 512, 520, 400 A.2d 276 (1978), quoting *Chambers* v. *Mississippi*, supra, 294.

"We are mindful, however, that 'the right to confront and to cross-examine is not absolute and may, in appropriate cases, bow to accommodate other legitimate interests in the criminal trial process.' . . . *State* v. *Alexander*, 254 Conn. 290, 298, 755 A.2d 868 (2000), quoting *Chambers* v. *Mississippi*, supra, 410 U.S. 295; see also *State* v. *Bonello*, 210 Conn. 51, 55, 554 A.2d 277, cert. denied, 490 U.S. 1082, 109 S. Ct. 2103, 104 L. Ed. 2d 664 (1989); *State* v. *Jarzbek*, supra, 204 Conn. 693. For example, the trial court has a 'right, indeed, [a] duty, to exclude irrelevant evidence.' *State* v. *Mastropetre*, supra, 175 Conn. 521; *State* v. *Talton*, 197 Conn. 280, 283–85, 497 A.2d 35 (1985). The rules excluding evidence from criminal trials, however, may not be 'arbitrary or disproportionate to the purposes they are designed to serve.' . . . *United States* v. *Scheffer*, 523 U.S. 303, 308, 118 S. Ct. 1261, 140 L. Ed. 2d 413 (1998), quoting *Rock* v. *Arkansas*, 483 U.S. 44, 56, 107 S. Ct. 2704, 97 L. Ed. 2d 37 (1987)." *State* v. *Rolon*, supra, 257 Conn. 174–76.

We next set forth some fundamental principles regarding the rape shield statute, § 54-86f. The rape shield statute was "enacted specifically to bar or limit the use of prior sexual conduct of an alleged victim of a sexual assault because it is such highly prejudicial material. . . . Our legislature has determined that, except in specific instances, and taking the defendant's constitutional rights into account, evidence of prior sexual conduct is to be excluded for policy purposes. Some of these policies include protecting the victim's sexual privacy and shielding her from undue harassment, encouraging reports of sexual assault, and enabling the

victim to testify in court with less fear of embar-
rassment. . . . Other policies promoted by the law
include avoiding prejudice to the victim, jury confusion
and waste of time on collateral matters." (Citations
omitted; internal quotation marks omitted.) *State* v.
*Christiano*, 228 Conn. 456, 469–70, 637 A.2d 382, cert.
denied, 513 U.S. 821, 115 S. Ct. 83, 130 L. Ed. 2d 36
(1994).

"However, [a]lthough the state's interests in limiting
the admissibility of this type of evidence are substantial,
they cannot by themselves outweigh the defendant's
competing constitutional interests. . . . We must
remember that [t]he determination of whether the
state's interests in excluding evidence must yield to
those interests of the defendant is determined by the
facts and circumstances of the particular case. . . . In
every criminal case, the defendant has an important
interest in being permitted to introduce evidence rele-
vant to his defense. Evidence is not rendered inadmissi-
ble because it is not conclusive. All that is required is
that the evidence tend to support a relevant fact even
to a slight degree, so long as it is not prejudicial or
merely cumulative. . . . Whenever the rape shield stat-
ute's preclusion of prior sexual conduct is invoked, a
question of relevancy arises. If the evidence is proba-
tive, the statute's protection yields to constitutional
rights that assure a full and fair defense. . . . If the
defendant's offer of proof is sufficient to show rele-
vancy, and that the evidence is more probative to the
defense than prejudicial to the victim, it must be
deemed admissible at trial. . . . When the trial court
excludes defense evidence that provides the defendant
with a basis for cross-examination of the state's wit-
nesses, [despite what might be considered a sufficient
offer of proof] such exclusion may give rise to a claim
of denial of the right to confrontation and to present a

defense." (Citations omitted; internal quotation marks omitted.) *State* v. *Rolon*, supra, 257 Conn. 176–77.

Section 54-86f provides in relevant part: "In any prosecution for sexual assault under sections 53a-70, 53a-70a, and 53a-71 to 53a-73a, inclusive, no evidence of the sexual conduct of the victim may be admissible unless such evidence is (1) offered by the defendant on the issue of whether the defendant was, with respect to the victim, the source of semen, disease, pregnancy or injury, or (2) offered by the defendant on the issue of credibility of the victim, provided the victim has testified on direct examination as to his or her sexual conduct, or (3) any evidence of sexual conduct with the defendant offered by the defendant on the issue of consent by the victim, when consent is raised as a defense by the defendant, or (4) otherwise so relevant and material to a critical issue in the case that excluding it would violate the defendant's constitutional rights. . . . [E]vidence [admissible under one of these exceptions] shall be admissible only after a hearing on a motion to offer such evidence containing an offer of proof. . . ."[10]

In *State* v. *Rolon*, supra, 257 Conn. 185–86, we recognized "the critical nature of prior sexual abuse evidence in the defendant's effort to rebut the inference that [the defendant] is the source of [the victim's] sexual knowledge or behavioral characteristics. [I]f the jury is not allowed to learn of the [prior sexual] offenses against [the victim], then [it] will inevitably conclude that the [victim's] highly age-inappropriate sexual knowledge could only come from [the] defendant having committed such acts. . . . Without that evidence, [t]he inference that [a victim] could not possess the sexual knowledge he [or she] does unless [the defendant] sexually assaulted [him or her] greatly bolsters

---

[10] See footnote 4 of this opinion.

[a victim's] allegations. . . . In order to rebut that inference, [the defendant] must establish an alternative source for [the victim's] sexual knowledge . . . [as] a necessary and critical element of [his] defense. . . . Simply put, the prior sexual conduct must account for how the child could provide the testimony's sexual detail without having suffered [the] defendant's alleged conduct." (Citations omitted; internal quotation marks omitted.)

"A clear statement of the defendant's theory of relevance is all important in determining whether the evidence is offered for a permissible purpose." *State* v. *Sullivan*, 244 Conn. 640, 647, 712 A.2d 919 (1998). In *State* v. *Rolon*, supra, 257 Conn. 183–84, we concluded that in order for evidence of a victim's prior sexual conduct to be admissible under § 54-86f to show a source for the victim's sexual knowledge, "[p]rior to trial the defendant must make an offer of proof showing: (1) that the prior acts clearly occurred; (2) that the acts closely resembled those of the present case; (3) that the prior act is clearly relevant to a material issue; (4) that the evidence is necessary to [the] defendant's case; and (5) that the probative value of the evidence outweighs its prejudicial effect." (Internal quotation marks omitted.)

In the present case, the defendant sought to introduce evidence of the victim's prior sexual abuse by his older brother through the testimony of a therapist at the Stetson School, the testimony of the victim and the testimony of the defendant. During both a pretrial hearing on the state's motion in limine relating to this evidence and on multiple occasions during the trial, the trial court afforded the defendant an opportunity to make an offer of proof regarding the admissibility of this evidence. On each of these occasions, when making his offer of proof that this evidence should be admitted under § 54-86f (4) to show another source of the victim's

sexual knowledge,[11] the defendant proffered only that the victim had engaged in sexual conduct with his older brother during the years 1998 and 1999. The trial court determined that the defendant had failed to make the necessary offer of proof as required under *State* v. *Rolon*, supra, 257 Conn. 183–84, and that the evidence therefore was not relevant.

The defendant claims that the trial court misapplied *State* v. *Rolon*, supra, 257 Conn. 183–84, and that his offer of proof was sufficient to establish the relevance of the evidence of the victim's sexual abuse by his older brother. In support of his claim, the defendant asserts that because the proffer demonstrated that the victim was engaged in same sex sexual conduct during a time frame that overlapped with the allegations of abuse by the defendant, his proffer was sufficient under *Rolon*. We disagree.

The defendant's offer of proof was utterly lacking in specificity and, therefore, failed to satisfy the five part showing required under *State* v. *Rolon*, supra, 257 Conn. 183–84. Despite numerous efforts by the trial court to elicit both a clearly articulated theory of relevance of the victim's prior sexual abuse by his older brother and details regarding the alleged prior sexual abuse, the

---

[11] In this appeal, the defendant also asserts that the evidence regarding sexual abuse of the victim by his older brother was also admissible under § 54-86f (1) because it is relevant to show another source of both the victim's psychological *and* physical injury. A careful review of the trial court record reveals that the defendant did not raise either of these grounds for admissibility before that court. Indeed, the defendant raises his claim regarding its relevance to the victim's physical injury for the first time on appeal to this court. Therefore, we decline to review these claims on appeal. See Practice Book § 60-5 ("court shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial"); *Yale University* v. *Blumenthal*, 225 Conn. 32, 36 n.4, 621 A.2d 1304 (1993) (issue not reviewed because not raised at trial).

defendant failed to provide the required details.[12]

---

[12] For example, during the trial, the trial court engaged in the following colloquy with the defendant's attorney:

"The Court: . . . I understand [defense counsel's] argument, her argument is that some of [the victim's] sexual knowledge may arise out of that context and I guess the claim is [that the other incident of abuse could] be confused with any alleged sexual conduct with the defendant. Is that a fair characterization of your claim?

"[Defense Counsel]: Well . . . knowledge, yes, certainly, but also that . . . there might be someone other than the defendant who was having sexual intercourse with him.

"The Court: Well, yes, but there has to be a reason why you think that testimony is relevant to these proceedings.

"[Defense Counsel]: For the reasonable doubt part of the state's obligation, Your Honor, that there could—that [the older brother] was . . . living in the same place [as] the [victim] . . . .

"The Court: Counsel . . . you're attempting to offer evidence that the victim—

"[Defense Counsel]: Yes.

"The Court: . . . [The victim] engaged in sexual activities with a sibling.

"[Defense Counsel]: Yes.

"The Court: Explain to me what the relevance of that is in terms of the material elements of the offenses charged in this case.

"[Defense Counsel]: That he could have had sexual intercourse at this same time period with [his older brother] as opposed to the defendant; that he had sexual knowledge as a result of his sexual activities with [his older brother] and not with the defendant.

"The Court: And so that someone other than your client was the perpetrator . . . .

"[Defense Counsel]: Yes.

"The Court: . . . [O]f the sexual conduct?

"[Defense Counsel]: Yes.

"The Court: All right. And that goes to his testimony as to his knowledge about these matters?

"[Defense Counsel]: Yes.

"The Court: All right. And the difficulty with your claim and the reason why I . . . sustained an objection to it being admitted is it falls far . . . short of the necessary proffer that you must make under the rape shield statute and from your comments, and you can correct me if I'm wrong, but it's pretty clear to me that you don't have any specific . . . information; that you don't have hard, credible evidence to introduce regarding the nature of any sexual conduct that the victim may have had with his siblings in terms of the proximity to the date that the defendant is alleged to . . . have had sexual contact with the victim or any other matter and that . . . [the] failure of you to be able to make such a proffer is why I must exclude this evidence under the rape shield statute.

"[Defense Counsel]: Yes. I understand that, Your Honor. You're correct."

The trial court and defense counsel also engaged in the following exchange at trial:

"The Court: How can I make a determination as to whether or not that conduct, that sexual activity, let's call it sexual abuse, is admissible under the rape shield statute without any of the details that you're talking about? Without any understanding of when this abuse was committed, its proximity in time to the alleged abuse that the state alleges that the defendant engaged in?

"[Defense Counsel]: Your Honor, it's my understanding that [the victim] has testified . . . during interviews with the [department] that he had sexual activity with his [older] brother . . . .

"The Court: I understand that."

The defendant points out that the trial court reviewed the department's records concerning the victim in camera and provided redacted copies to him. He contends that, in light of the court's statement, "I understand that," it is "reasonable to conclude that the [unredacted department] records in fact provided some support for counsel's assertions."

"In *State* v. *Esposito*, [192 Conn. 166, 179–80, 471 A.2d 949 (1984)], we set forth the following procedure for the disclosure of confidential records. 'If . . . the claimed impeaching information is privileged there must be a showing that there is reasonable ground to believe that the failure to produce the information is likely to impair the defendant's right of confrontation such that the witness' direct testimony should be stricken. Upon such a showing the court may then afford the state an opportunity to secure the consent of the witness for the court to conduct an in camera inspection of the claimed information and, if necessary, to turn over to the defendant any relevant material for the purposes of cross-examination. If the defendant does make such showing and such consent is not forthcoming then the court may be obliged to strike the testimony of the witness. If the consent is limited to an in camera inspection and such inspection, in the opinion of the trial judge, does not disclose relevant material then the resealed record is to be made available for inspection on appellate review. If the in camera inspection does reveal relevant material then the witness should be given an opportunity to decide whether to consent to release of such material to the defendant or to face having her testimony stricken in the event of refusal.' " *State* v. *Kemah*, 289 Conn. 411, 425–26, 957 A.2d 852 (2008).

Furthermore, "[w]ith respect to a trial court's consideration of whether to allow a defendant access to requested confidential materials, we have held that, upon a proper showing and after an in camera review, [a]ccess to confidential records should be left to the discretion of the trial court which is better able to assess the probative value of such evidence as it relates to the particular case before it . . . and to weigh that value against the interest in confidentiality of the records. . . . When a defendant seeks access to confidential records for impeachment purposes, the trial court

sexual abuse by his older brother occurred during 1998 and 1999, which was during the same general time frame of the alleged sexual abuse by the defendant. Without more, the assertion that the victim was sexually abused by his older brother during a time period that overlapped the allegations of sexual abuse against the defen-

must determine whether [the records] sufficiently disclose material especially probative of the [witness'] ability to comprehend, know, and correctly relate the truth . . . . Moreover, we have held that [t]he determination of materiality . . . [is] inevitably fact-bound and like other factual issues is committed to the trial court in the first instance." (Citations omitted; internal quotation marks omitted.) *State* v. *James G.*, 268 Conn. 382, 403, 844 A.2d 810 (2004); id., 402–403 (concluding that trial court did not abuse its discretion in denying defendant access to department records of complainant after reviewing sealed documents and determining that they did not "contain exculpatory or impeachment evidence or evidence relating to [complainant's] ability to comprehend, know or correctly relate the truth" [internal quotation marks omitted]).

This court has held that "if the trial court discovers material exculpatory evidence in the course of an in camera inspection, it has a duty to disclose it to the defense and the defendant has a due process right to its disclosure. . . . The defendant [is] not entitled, however, to an unlimited inspection of [confidential documents] in the hope of discovering material evidence. Access to confidential records should be left to the discretion of the trial court which is better able to assess the probative value of such evidence as it relates to the particular case before it . . . and to weigh that value against the interest in confidentiality of the records." (Citation omitted; internal quotation marks omitted.) *State* v. *Harris*, 227 Conn. 751, 762, 631 A.2d 309 (1993).

If the defendant in the present case believes that the department's records contained evidence favorable to his case and that the trial court improperly failed to disclose that evidence to him, it was incumbent on him to object to the redaction of the records at the time of trial and to raise that claim on appeal. See id., 761 (defendant objected to court's limited disclosure of personnel file after in camera review and challenged that action on appeal). In the absence of any such claim, we must presume that the trial court applied the proper legal standard to the redacted materials and concluded that the evidence was not exculpatory because any sexual conduct between the victim and his older brother was not similar to the conduct at issue in the present case and, therefore, would not explain the victim's sexual knowledge. See, e.g., *Elm City Cheese Co.* v. *Federico*, 251 Conn. 59, 72, 752 A.2d 1037 (1999) (in absence of contrary evidence, "we presume that the trial court . . . undertook the proper analysis of the law and the facts" [internal quotation marks omitted]).

dant was insufficient. Even if we assume that the defendant met the first prong of *State* v. *Rolon*, supra, 184, in that he established that the prior abuse of the victim by his older brother did occur, the defendant's proffer did not establish that the prior incident of abuse closely resembled the allegations of abuse against the defendant. The defendant failed to satisfy all the prongs of *Rolon*, and we therefore conclude that the Appellate Court properly affirmed the judgment of the trial court.

The judgment of the Appellate Court is affirmed.

In this opinion the other justices concurred.