STATE OF CONNECTICUT *v.* RICHARD KOSLIK
(AC 29673)

DiPentima, Robinson and Alvord, Js.

Argued April 28—officially released September 1, 2009

*Jodi Zils Gagne,* for the appellant (defendant).

*Joseph Rubin,* associate attorney general, with whom, on the brief, was *Richard Blumenthal,* attorney general, for the appellee (state).

DiPENTIMA, J. The defendant, Richard Koslik, appeals from the denial of his motion to correct an illegal sentence. On appeal, he claims that his sentence is illegal because the term of probation exceeds the permissible statutory maximum for violations of General Statutes § 20-427 (b) (3) and (5). We conclude that the record is inadequate for our review and, therefore, affirm the judgment of the trial court.

The following factual and procedural history is relevant to our discussion. The defendant had been convicted of representing himself falsely as or impersonating a registered home improvement contractor in violation of § 20-427 (b) (3) and offering to make home improvements without having a certificate of registration in violation of § 20-427 (b) (5). The court, *Wollenberg, J.,* sentenced the defendant to a total effective term of one year imprisonment, execution suspended after 180 days, and three years probation. *State* v. *Koslik,* 80 Conn. App. 746, 749, 837 A.2d 813, cert. denied, 268 Conn. 908, 845 A.2d 413 (2004). This court affirmed the judgment on direct appeal. Id., 748. The defendant began serving his sentence on April 6, 2004, and his period of probation commenced on September 24, 2004.

On February 28, 2007, a warrant was issued for the defendant's arrest on the basis of a violation of probation.[1] The arrest warrant was executed on April 9, 2007,

___

[1] On January 25, 2007, the defendant was arrested for numerous violations of General Statutes §§ 20-427 (b), 42-135a and 35-1. The application for an arrest warrant also alleged that the defendant had failed to comply with the court-ordered restitution, thereby violating the terms of probation.

within the three year period of probation. On September 25, 2007, the defendant, pursuant to Practice Book § 41-8 (1), (2), (3) and (9), moved to dismiss the information and filed a motion to correct an illegal sentence pursuant to Practice Book § 43-22. Specifically, he argued that violations of § 20-427 (b) (3) and (5) constitute class B misdemeanors, and, therefore, the term of probation could not exceed two years. See General Statutes (Rev. to 2001) § 53a-29 (d).[2] The defendant then acknowledged that § 20-427 (c) authorized probation for a period of not more than five years if the court determined that a defendant, convicted of violating § 20-427, could not fully repay a victim within the period of probation set forth in § 53a-29. The defendant argued that because the sentencing court found that the defendant could repay the victim fully within eighteen months, imposing a probationary period of greater than two years was illegal.

On November 15, 2007, the court, *B. Fischer, J.*, held a hearing on the defendant's motion to correct an illegal sentence. On December 11, 2007, the court denied the defendant's motion. This appeal followed.

I

As a threshold matter, we must address the state's claim that the court lacked jurisdiction to consider the defendant's motion to correct an illegal sentence. The state argues that because the defendant's sentence fell within the permissible parameters of § 20-427, the trial court lacked jurisdiction pursuant to our Supreme Court's decision in *State* v. *Lawrence*, 281 Conn. 147, 913 A.2d 428 (2007). We disagree with the state's jurisdictional argument.

[2] All references and citations in this opinion to General Statutes § 53a-29 are to that statute as revised to 2001, a change in that statute having been effected by the enactment of Public Acts 2008, No. 08-102, to decrease the maximum period of probation for a class B misdemeanor from two years to one year.

We begin by setting forth the legal principles germane to our discussion. "It is axiomatic that jurisdiction involves the power in a court to hear and determine the cause of action presented to it and its source is the constitutional and statutory provisions by which it is created." (Internal quotation marks omitted.) *State* v. *Reid*, 277 Conn. 764, 774, 894 A.2d 963 (2006). "The Superior Court is a constitutional court of general jurisdiction. In the absence of statutory or constitutional provisions, the limits of its jurisdiction are delineated by the common law." (Internal quotation marks omitted.) *State* v. *Das*, 291 Conn. 356, 361, 968 A.2d 367 (2009); see also *State* v. *DeJesus*, 288 Conn. 418, 457, 953 A.2d 45 (2008). Issues regarding subject matter jurisdiction present a question of law, and, therefore, we employ the plenary standard of review. *State* v. *Carmona*, 104 Conn. App. 828, 832, 936 A.2d 243 (2007), cert. denied, 286 Conn. 919, 946 A.2d 1249 (2008); see also *State* v. *Richardson*, 291 Conn. 426, 429, 969 A.2d 166 (2009); *State* v. *Lewis*, 108 Conn. App. 486, 488, 948 A.2d 389 (2008) (whether motion fell within scope of Practice Book § 43-22 reviewed under plenary standard). Last, we note our Supreme Court's instruction that "in determining whether a court has subject matter jurisdiction, every presumption favoring jurisdiction should be indulged." (Internal quotation marks omitted.) *State* v. *Fowlkes*, 283 Conn. 735, 739, 930 A.2d 644 (2007).

Our jurisprudence recognizes that the jurisdiction of a sentencing court terminates once that sentence has begun and, thus, that court may not take any action affecting the sentence unless it expressly has been authorized to act. *Cobham* v. *Commissioner of Correction*, 258 Conn. 30, 37, 779 A.2d 80 (2001); see also *State* v. *Das*, supra, 291 Conn. 362–63; *State* v. *Tabone*, 279 Conn. 527, 533, 902 A.2d 1058 (2006). Both this court and our Supreme Court, however, have stated that courts have the power to correct an illegal sentence.

*State* v. *Daniels*, 207 Conn. 374, 387, 542 A.2d 306, after remand for articulation, 209 Conn. 225, 550 A.2d 885 (1988), cert. denied, 489 U.S. 1069, 109 S. Ct. 1349, 103 L. Ed. 2d 817 (1989); *State* v. *Guckian*, 27 Conn. App. 225, 245, 605 A.2d 874 (1992), aff'd, 226 Conn. 191, 627 A.2d 407 (1993); *State* v. *Elliott*, 8 Conn. App. 566, 574, 513 A.2d 1285 (judicial authority may correct illegal sentence at any time), cert. denied, 201 Conn. 813, 517 A.2d 630 (1986).

In *State* v. *Lawrence*, supra, 281 Conn. 147, our Supreme Court extensively discussed when a trial court has the authority to modify a criminal judgment after the sentence has been executed. It began by noting that absent a legislative, constitutional or common-law basis for continuing jurisdiction, the trial court lacks jurisdiction to modify its judgment. Id., 153–55. The court then explained the common-law exceptions, embodied in Practice Book § 43-22,[3] to the rule preventing the court from affecting a sentence after it has begun. "Connecticut courts have considered four categories of claims pursuant to § 43-22. The first category has addressed whether the sentence was within the permissible range for the crimes charged. . . . The second category has considered violations of the prohibition against double jeopardy. . . . The third category has involved claims pertaining to the computation of the length of the sentence and the question of consecutive or concurrent prison time. . . . The fourth category has involved questions as to which sentencing statute was applicable." (Citations omitted; internal quotation marks omitted.) *State* v. *Lawrence*, supra, 156–57.

Accordingly, if a defendant's claim falls within one of these four categories the trial court has jurisdiction

---

[3] Practice Book § 43-22 provides: "The judicial authority may at any time correct an illegal sentence or other illegal disposition, or it may correct a sentence imposed in an illegal manner or any other disposition made in an illegal manner."

to modify a sentence after it has commenced. It must, however, make the preliminary determination of whether the claim falls within one of these categories before considering the merits of a claim of an illegal sentence. See, e.g., *State* v. *Das*, supra, 291 Conn. 369–70 (determination concerning jurisdiction made before consideration of merits). If the claim is not within one of these categories, then the court must dismiss the claim for a lack of jurisdiction and not consider its merits. *State* v. *Lawrence*, supra, 281 Conn. 159. Put another way, because jurisdiction implicates a court's ability to act, a court may only consider the merits of a claim once the preliminary determination has been resolved in favor of jurisdiction.

Our Supreme Court has concluded that to invoke successfully the court's jurisdiction with respect to a claim of an illegal sentence, the focus cannot be on what occurred during the underlying conviction. Id., 158; see also *State* v. *Mollo*, 63 Conn. App. 487, 491, 776 A.2d 1176, cert. denied, 257 Conn. 904, 777 A.2d 194 (2001). "In order for the court to have jurisdiction over a motion to correct an illegal sentence after the sentence has been executed, the sentencing proceeding, and not the trial leading to the conviction, must be the subject of the attack." *State* v. *Lawrence*, supra, 281 Conn. 158. In *Lawrence*, the defendant's claim presupposed an invalid conviction; therefore, it was outside of the scope of the exceptions to the general rule regarding a court's lack of jurisdiction after a sentence has begun. Id., 159.

In the present case, the defendant, via his motion, argued that his sentence of three years of probation was illegal. "An illegal sentence is essentially one which either exceeds the relevant statutory maximum limits, violates a defendant's right against double jeopardy, is ambiguous, or is internally contradictory." (Internal quotation marks omitted.) *State* v. *McNellis*, 15 Conn.

App. 416, 443–44, 546 A.2d 292, cert. denied, 209 Conn. 809, 548 A.2d 441 (1988); see also *State* v. *Das,* supra, 291 Conn. 363 n.3.

The defendant's claim is that his sentence of three years probation was illegal because it exceeded the relevant statutory maximum. Section 20-247 (c) provides that violations of § 20-427 (b) (3) and (5) are class B misdemeanors. The maximum term of probation for a class B misdemeanor, as stated in § 53a-29 (d), is two years. He argues that because the sentencing court did not make a finding that permits an extended period of probation; see General Statutes § 40-247 (c); his three year sentence of probation exceeded the relevant statutory maximum of two years probation. The defendant's claim presents a "classic" example of an illegal sentence. See *State* v. *Barksdale,* 79 Conn. App. 126, 829 A.2d 911 (2003); *State* v. *McNellis,* supra, 15 Conn. App. 443–44. Put another way, the defendant argues that, in the present case, a sentence of three years of probation is legal if, and only if, the sentencing court makes the required determination regarding repayment to the victim. Absent that determination, any sentence exceeding two years of probation is an illegal sentence because it exceeds the statutory maximum. Regardless of the merits of such a claim, we conclude that the court had jurisdiction to entertain the defendant's motion to correct an illegal sentence.

The basis for the defendant's motion is that the sentence he received exceeds the maximum statutory limit prescribed for the crimes for which he was convicted. Our Supreme Court expressly has stated that in such an event, "§ 43-22 would be the proper vehicle by which [a defendant] could invoke the trial court's jurisdiction." *State* v. *Lawrence,* supra, 281 Conn. 159. The defendant challenged the events that occurred at the sentencing hearings, and not the underlying conviction. He argued that because the sentencing court found that he could

repay the victim within an eighteen month period, three years of probation exceeded the maximum permitted sentence. We conclude, therefore, that the trial court had jurisdiction to consider the defendant's motion to correct an illegal sentence.

## II

Having resolved the threshold jurisdictional question, we now turn to the merits of the arguments presented on appeal. The defendant claims that his sentence of probation should not have been extended to three years because the sentencing court (1) never found him to be a contractor and (2) found that he could repay the victims within eighteen months, and, therefore, his period of probation should not have exceeded two years. We address each claim in turn.

### A

The defendant first argues that his sentence of probation should not have been extended to three years because the sentencing court never found him to be a contractor. Specifically, he contends that § 20-427 (c) permitted the court to extend the period of probation to five years for contractors only and that he had been convicted not of being a contractor but of "representing himself as a home improvement contractor and offering to make a home improvement contract without a registration." We decline to consider this claim.

The defendant raised his claim for the first time on appeal. His motion to correct an illegal sentence presented only the claim that the sentencing court found that he could repay the victims within eighteen months. We have often stated that "we will not consider claims not made before the trial court and raised for the first time on appeal." (Internal quotation marks omitted.) *State* v. *Mounds*, 110 Conn. App. 10, 21, 953 A.2d 938, cert. denied, 289 Conn. 938, 958 A.2d 1257 (2008); *State*

v. *Moody*, 77 Conn. App. 197, 204, 822 A.2d 990, cert. denied, 264 Conn. 918, 827 A.2d 707, cert. denied, 540 U.S. 1058, 124 S. Ct. 831, 157 L. Ed. 2d 714 (2003); see also *State* v. *Cecil J.*, 291 Conn. 813, 826 n.11, 970 A.2d 710 (2009); Practice Book § 60-5. "For this court to . . . consider [a] claim on the basis of a specific legal ground not raised during trial would amount to trial by ambuscade, unfair both to the [court] and to the opposing party." (Internal quotation marks omitted.) *State* v. *Bell*, 113 Conn. App. 25, 41, 964 A.2d 568, cert. denied, 291 Conn. 914, 969 A.2d 175 (2009). Accordingly, we decline to review this claim.[4]

B

The defendant next argues that his sentence of probation should not have been extended to three years because the sentencing court found that he could repay the victims within eighteen months, and, therefore, his sentence should not have exceeded two years. We conclude that the record is inadequate to review this claim.

The following additional facts are necessary for our discussion. The defendant's sentencing occurred on July 18, 2002. The sentencing court initially indicated that it would sentence the defendant to three years

---

[4] Even if we were to consider this claim on appeal, we would conclude that it is without merit. General Statutes § 20-419 sets forth certain definitions applicable to the Home Improvement Act. Section 20-419 (3) provides in relevant part: " 'Contractor' means any person who owns and operates a home improvement business or who undertakes, offers to undertake or agrees to perform any home improvement. . . ."

Section 20-419 (4) sets forth the definition for "home improvement" and provides in relevant part that the term includes "the repair, replacement, remodeling, alteration, conversion, modernization [or] improvement . . . to any land or building or that portion thereof which is used or designed to be used as a private residence . . . ."

A review of the facts underlying the defendant's conviction reveals that the defendant's conduct unequivocally fell within the applicable statutory definition of contractor. See *State* v. *Koslik*, supra, 80 Conn. App. 748–49.

probation with the special condition of restitution.[5] It then ordered $500 monthly payments to the victims for a period of eighteen months after the defendant's release from incarceration. Assistant attorney general Matthew B. Beizer, representing the state, stated to the court: "I believe the statute under which you referred earlier that allows you to give him an extended period of probation—you have to make a finding that he is unable to pay during that period of time . . . . Obviously, if he is incarcerated . . . ." The court replied: "I will find that he cannot fully repay the victims within the period of probation of—well, that's not so. I'm ordering it within eighteen months. So that . . . I'm finding that he can make the payment." A discussion ensued on whether the sentence could be stayed for one month to allow the defendant to complete some business obligations.[6] The defendant then requested an appeal bond. The state objected to the stay and deferred to the court on the issue of the appeal bond.

Beizer then stated that he had been advised that the court could not sentence the defendant to consecutive terms of probation. The court then reconsidered its sentence and stated: "So that on each charge, six months, suspended after ninety days, three years probation, consecutively. Total effective sentence, one year . . . suspended after 180 days, three years probation."

A review of the record of the sentencing proceedings reveals that it is, at best, ambiguous as to the court's finding regarding repayment to the victims. Although

---

[5] The sentencing court stated: "I'm going to sentence you on each charge—on each finding of guilty I'm going to commit you to the commissioner of correction for a period of six months, suspended after ninety days. And, in as much as restitution is not being paid now, I'm going to have you do three years [of] probation on each to run consecutive, for a total effective sentence of one year, suspended after 180 days, three years probation."

[6] Specifically, the defendant wanted to finish building cabinets and to have another individual, a registered contractor, install those cabinets.

it is true that, at one point, the court appeared to state that the defendant could repay the victims within eighteen months, such a reading of the transcript ignores what occurred before[7] and after. Subsequent to the court's eighteen months comment, it heard additional information regarding the defendant's business and comments from counsel regarding the relevant statutes. The court then "revisited" its sentence and ordered, inter alia, three years of probation.[8] As we indicated, Beizer expressly had alerted the court of the requirement necessary to extend the period of probation beyond two years. We may presume that the court was cognizant of this requirement when it ordered a three year period of probation. See, e.g., *State* v. *Adgers*, 101 Conn. App. 122, 132–33, 921 A.2d 122 (appellate court will not presume error by trial court), cert. denied, 283 Conn. 903, 927 A.2d 915 (2007); *State* v. *Baker*, 50 Conn. App. 268, 275 n.5, 718 A.2d 450 ("[a]lthough the record in this case does not reveal the basis of the trial court's decision, [w]e do not presume error; the trial court's ruling is entitled to the reasonable presumption that it is correct unless the party challenging the ruling has

---

[7] The initial sentence discussed by the court contained a term of probation of three years.

[8] The following colloquy occurred between the sentencing court, assistant attorney general Beizer and an assistant state's attorney:

"[The Assistant Attorney General]: I was advised—following up on our previous discussion about the statute with a probation. Madam [assistant] state's attorney tells me that probation cannot run consecutively.

"The Court: So that on each, madam? *We'll revisit that.* So that on each charge, six months, suspended after ninety days, three years probation, consecutively. Total effective sentence, one year . . . suspended after 180 days, three years probation.

"[The Assistant State's Attorney]: The charges that he was convicted of, are they [class] A misdemeanors?

"[The Assistant Attorney General]: [Class] B.

"[The Assistant State's Attorney]: [Class] B. The maximum is two years, but it's not under the statute—

"The Court: Not under the statute. If he doesn't pay restitution in that period of time. All right. Anything else?" (Emphasis added.)

satisfied its burden demonstrating the contrary" [internal quotation marks omitted]), cert. denied, 247 Conn. 937, 722 A.2d 1216 (1998).

The lack of an adequate record for review is compounded further as a result of the proceedings before the trial court, *B. Fischer, J.*, on the defendant's motion to correct an illegal sentence. In its decision denying the motion, the court, after setting forth the relevant statutory framework, stated: "[Section] 20-427 does *not* require the sentencing judge to make the factual determination explicitly on the record before sentencing the defendant to more than two years of probation. The defendant has cited no authority in Connecticut for the proposition that the absence of making an explicit factual finding on the record where the statute requires a judicial determination results in an illegal sentence. The court finds [that the sentencing court] sentenced the defendant under the applicable statute and within the statutory limits." (Emphasis added.)

The basis for the court's denial of the motion to correct appears to be the fact that it determined that an explicit finding at the sentencing hearing was not necessary to extend the probation period to three years. The court simply concluded that the sentence was within the appropriate limits. There was no finding regarding the defendant's ability to repay the victims. We note that the defendant failed to file a motion for articulation with respect to the decision of the sentencing court or the decision denying his motion to correct an illegal sentence.

The defendant, as the appellant, bears the burden, pursuant to Practice Book § 61-10, of providing this court with an adequate record. See *State* v. *Bonner*, 290 Conn. 468, 493, 964 A.2d 73 (2009). Our Supreme Court "recently has reiterated the fundamental point that [i]t is incumbent upon the [defendant] to take the

necessary steps to sustain [his] burden of providing an adequate record for appellate review. . . . Our role is not to guess at possibilities . . . but to review claims based on a complete factual record developed by a trial court. . . . Without the necessary factual and legal conclusions furnished by the trial court . . . any decision made by us respecting [the defendant's claims] would be entirely speculative." (Internal quotation marks omitted.) *State* v. *Brunetti*, 279 Conn. 39, 63, 901 A.2d 1 (2006), cert. denied, 549 U.S. 1212, 127 S. Ct. 1328, 167 L. Ed. 2d 85 (2007); *State* v. *Cotto*, 111 Conn. App. 818, 821, 960 A.2d 1113 (2008). Accordingly, we decline to review the defendant's claim.[9]

The judgment is affirmed.

In this opinion ROBINSON, J., concurred.

ALVORD, J., concurring. I agree with the majority opinion because it appears to be the result required by our Supreme Court's decision in *State* v. *Lawrence*, 281 Conn. 147, 913 A.2d 428 (2007). In *Lawrence*, our Supreme Court stated that "for the trial court to have jurisdiction to consider the defendant's claim of an illegal sentence, *the claim must fall into one of the categories of claims* that, under the common law, the court

---

[9] The defendant also has requested review pursuant to the plain error doctrine. "[T]he plain error doctrine . . . is not . . . a rule of reviewability. It is a rule of reversibility. That is, it is a doctrine that this court *invokes* in order to rectify a trial court ruling that, although either not properly preserved or never raised at all in the trial court, nonetheless *requires reversal of the trial court's judgment*, for reasons of policy. . . . In addition, the plain error doctrine is reserved for truly extraordinary situations where the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings. . . . Plain error is a doctrine that should be invoked sparingly. . . . [I]nvocation of the plain error doctrine is reserved for occasions requiring the reversal of the judgment under review." (Emphasis in original; internal quotation marks omitted.) *State* v. *Bowman*, 289 Conn. 809, 817, 960 A.2d 1027 (2008). We conclude that plain error review is not warranted under the circumstances presented.

has jurisdiction to review." (Emphasis added.) Id., 155. I write separately, however, because I believe that the common law does not extend jurisdiction to situations implicated by the defendant's claim, and I am concerned that our Supreme Court did not intend us to interpret *Lawrence* as enlarging the common law to afford jurisdiction to all *claims* that superficially fall within the four categories set forth in that opinion.[1] See *State* v. *Lawrence*, supra, 155–57.

The majority, like our Supreme Court in *Lawrence*, cites several cases in which Connecticut courts have considered motions to correct an illegal sentence. A review of these cases, however, reveals that postexecution jurisdiction was often presumed because the issue of an illegal sentence was presented via a direct appeal.[2] That is not the case here.

[1] Our Supreme Court in *Lawrence* had no need to and did not fully analyze the parameters of whether a claim within those categories need be valid, colorable or a bare claim because, under the facts in that case, it found that the trial court lacked jurisdiction when the defendant's motion to correct an illegal sentence was based on a challenge to the underlying conviction, not the legality of the sentence. *State* v. *Lawrence*, supra, 281 Conn. 158–59.

[2] See *State* v. *Daniels*, 207 Conn. 374, 387, 542 A.2d 306 (on state's direct appeal, no double jeopardy violation because Practice Book § 935 [now § 43-22] provides "the power, at any time, to correct a sentence that is illegal"), after remand for articulation, 209 Conn. 225, 550 A.2d 885 (1988), cert. denied, 489 U.S. 1069, 109 S. Ct. 1349, 103 L. Ed. 2d 817 (1989); *State* v. *Guckian*, 27 Conn. App. 225, 245, 605 A.2d 874 (1992) (on state's appeal from sentencing, state not required to file motion to correct in trial court because both "the trial court and this court, on appeal, have the power, at any time, to correct a sentence that is illegal"), aff'd, 226 Conn. 191, 627 A.2d 407 (1993); see also *State* v. *Davis*, 190 Conn. 327, 334–35, 461 A.2d 947 (on direct appeal, trial court was without authority to open judgment because sentence was within permissible range for crimes charged), cert. denied, 464 U.S. 938, 104 S. Ct. 350, 78 L. Ed. 2d 315 (1983); *State* v. *Shipp*, 79 Conn. App. 427, 433–34, 830 A.2d 368 (on direct appeal, sentence illegal because defendant's fine of $200 exceeded statutory maximum of $100), cert. denied, 267 Conn. 902, 838 A.2d 212 (2003); *State* v. *Barksdale*, 79 Conn. App. 126, 139, 829 A.2d 911 (2003) (on direct appeal, sentence illegal when defendant sentenced to twenty years because at time he committed crime, it was class C felony for which maximum period of incarceration was ten years); *State* v. *Mitchell*, 37 Conn. App. 228, 232–33, 655 A.2d 282

A review of the remainder of the cases cited by the majority and the *Lawrence* court shows that jurisdiction was found only when the challenged sentence was in fact illegal.[3] That also is not the case here.

In the present case, the defendant argues that his sentence of three years probation is illegal because it exceeds the maximum statutory limits prescribed for the crime for which he was convicted. I agree with the majority that the record of the sentencing proceeding is inadequate. The trial court's jurisdiction to review the defendant's motion would be determined by whether the defendant's sentence fell within the permissible range of sentences for the crimes charged in this case. The defendant argues that the permissible range of probation pursuant to General Statutes § 20-427, *as applied to the facts of this case,* has a maximum of two years. The state argues that the permissible range has

(1995) (on direct appeal, double jeopardy claim moot because trial court corrected sentence); *State* v. *McNellis*, 15 Conn. App. 416, 443–50, 546 A.2d 292 (on direct appeal, defendant's claim that sentence imposed in illegal manner meritless), cert. denied, 209 Conn. 809, 548 A.2d 441 (1988).

[3] See *State* v. *Cator*, 256 Conn. 785, 804–805, 781 A.2d 285 (2001) (motion to correct illegal sentence proper when initial sentence violates right against double jeopardy and exceeds maximum statutory limit); *State* v. *Mollo*, 63 Conn. App. 487, 490–91, 776 A.2d 1176 (no jurisdiction to consider motion to correct when sentence imposed was facially valid), cert. denied, 257 Conn. 904, 777 A.2d 194 (2001); *State* v. *Elliott*, 8 Conn. App. 566, 574–75, 513 A.2d 1285 (no jurisdiction for court to impose increased sentence where execution of original legal sentence has commenced), cert. denied, 201 Conn. 813, 517 A.2d 630 (1986); see also *State* v. *Tabone*, 279 Conn. 527, 533–45, 902 A.2d 1058 (2006) (jurisdiction when total sentence of twenty years exceeds statutory limit of ten years); but see *State* v. *Banks*, 59 Conn. App. 145, 147–48, 763 A.2d 1046 (2000) (no jurisdictional analysis when finding that trial court properly denied state's motion to correct that claimed General Statutes § 53a-37 did not authorize court to impose concurrent sentence).

Although these cases indicate a somewhat circular analysis, namely, that the merits of a claim raised in a motion to correct must be addressed before jurisdiction is found, the analysis was born out of the common law and thus arose to create only a narrow exception pursuant to which the court retains jurisdiction to correct sentences that are truly illegal.

a maximum of five years because the defendant has failed to provide an adequate record to allow for a review of the sentencing court's factual findings in this case. On the basis of the common law, it appears that the state correctly argues that the permissible range of sentences has a maximum of five years because the defendant failed to provide Judge Fischer with an adequate record. See *Orcutt* v. *Commissioner of Correction*, 284 Conn. 724, 738 n.25, 937 A.2d 656 (2007) ("in the absence of an articulation—which the appellant is responsible for obtaining—we presume that the trial court acted properly").

I also find persuasive the state's argument that neither *Lawrence*, nor the cases cited in it, have found jurisdiction when the court imposed a sentence that was plainly authorized by a statute but was arguably illegal because the court did not make a determination required by the sentencing statute.[4]

In this case, the record of the sentencing proceeding is, as the majority notes, at best ambiguous. Because of the inadequacy of the record, the determination of the sentencing court, *Wollenberg, J.*, with regard to the defendant's ability to repay his victims within the usual two year statutory limit is not clear. On the basis of the record, I cannot say that five years is not the permissible statutory limit. I, therefore, would find that the defendant's sentence is facially valid and that the common-law exceptions would not apply to grant jurisdiction in

[4] It is important to note that the present case is not one in which either (1) as a matter of law, the sentencing court could not determine that the defendant could fully repay his victims within the usual period of probation or (2) the sentencing court explicitly and unambiguously determined that the defendant could fully repay his victims within the usual period of probation. In such a case, we might very well be constrained to hold that the relevant statutory limit for a period of probation for a violation of § 20-427 is two years.

this case. Accordingly, I would conclude that the general rule, that a court loses jurisdiction over a defendant's sentence after it has been executed, applies and, therefore, would reverse the judgment and remand the case with direction to dismiss the motion to correct an illegal sentence.

Because, however, we appear to be bound by our Supreme Court's analysis of the common law in *Lawrence*, I respectfully concur.