******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* JOHN VIVO III
(AC 42909)

Bright, Moll and Bear, Js.

*Syllabus*

The defendant, who had been previously convicted of the crimes of murder
and assault in the first degree and whose sentence was enhanced pursu-
ant to statute (§ 53-202k) for the commission of class A and B felonies
with a firearm, appealed to this court from the judgment of the trial
court dismissing his motion to correct an illegal sentence. On appeal,
the defendant claimed that the trial court improperly concluded that it
lacked jurisdiction to consider his motion because there was evidence
that, in the course of the underlying shootings, he had used a weapon
that was specifically exempted from the ambit of § 53-202k, and, there-
fore, his sentence enhancement pursuant to that statute was illegal.
*Held* that the trial court properly dismissed the defendant's motion to
correct an illegal sentence; for that court to have jurisdiction over that
motion after the sentence had been executed, the sentencing proceeding,
and not the proceedings leading to the conviction, had to be the subject
of the attack, and the defendant's claim here, in essence, that the state
did not present sufficient evidence to prove that § 53-202k was applica-
ble, did not challenge the legality of his sentence or the sentence proceed-
ing but, rather, the evidence that underpinned his conviction, and, there-
fore, a motion to correct an illegal sentence was not the proper
procedural path for the defendant to raise such a claim, as it challenged
his underlying conviction.

Argued January 21—officially released May 19, 2020

*Procedural History*

Substitute information charging the defendant with
the crimes of murder and assault in the first degree,
brought to the Superior Court in the judicial district of
Fairfield and tried to the jury before *Gormley, J.*; verdict
and judgment of guilty, and sentence enhanced for the
commission of a class A, B or C felony with a firearm,
from which the defendant appealed to the Supreme
Court, which affirmed the judgment of the trial court;
thereafter, the court, *Devlin, J.*, dismissed the defen-
dant's motion to correct an illegal sentence, and the
defendant appealed to this court. *Affirmed.*

*John Vivo III*, self-represented, the appellant
(defendant).

*C. Robert Satti, Jr.*, supervisory assistant state's attor-
ney, with whom, on the brief, was *John C. Smriga*,
state's attorney, for the appellee (state).

*Opinion*

BEAR, J. The defendant, John Vivo III, appeals from the judgment of the trial court dismissing his motion to correct an illegal sentence. On appeal, the defendant claims that the court improperly concluded that it lacked jurisdiction to consider that motion. The defendant's claims in support of his position, however, challenge the validity of his conviction rather than any defect in his sentence or the sentencing proceeding. Therefore, we conclude that the court properly determined that it lacked subject matter jurisdiction to consider the defendant's motion. Accordingly, we affirm the judgment of the court.

The following facts and procedural history are relevant to this appeal. In *State* v. *Vivo*, 147 Conn. App. 414, 81 A.3d 1241 (2013), cert. denied, 314 Conn. 901, 99 A.3d 1170 (2014), cert. denied, U.S. , 135 S. Ct. 1164, 190 L. Ed. 2d 920 (2015), this court set forth some of the background relevant to the defendant's claims in this appeal. "In 1995, the defendant was found guilty by a jury of murder in violation of General Statutes § 53a-54a (a), assault in the first degree in violation of General Statutes § 53a-59 (a) (1), and commission of a class A and class B felony with a firearm in violation of General Statutes § 53-202k.[1] The court, *Gormley, J.*, sentenced him to sixty years imprisonment on the murder conviction, ten years on the assault conviction, and five years on the violation of § 53-202k, all the sentences to run consecutively to each other, for a total effective sentence of seventy-five years imprisonment. [Our] Supreme Court affirmed the judgment of conviction. See *State* v. *Vivo*, 241 Conn. 665, 697 A.2d 1130 (1997).[2]

"Thereafter, the defendant filed a petition for a writ of habeas corpus alleging ineffectiveness of both his trial and appellate counsel. The habeas court, *Hon. Richard M. Rittenband*, judge trial referee, denied the habeas petition and granted certification to appeal. This court reversed the habeas judgment as to the defendant's conviction under § 53-202k, noting that § 53-202k is a sentence enhancement provision, not a separate offense. See *Vivo* v. *Commissioner of Correction*, 90 Conn. App. 167, 177, 876 A.2d 1216, cert. denied, 275 Conn. 925, 883 A.2d 1253 (2005). Accordingly, we concluded that [a]lthough the [defendant's] total effective sentence was proper, the judgment must be modified to reflect the fact that § 53-202k does not constitute a separate offense and we remanded the case with direction to vacate that conviction and to resentence the [defendant] to a total effective term of seventy-five years incarceration. . . .

"Thereafter, the self-represented defendant filed [an] amended motion to correct an illegal sentence raising three claims: (1) the seventy-five year sentence is contrary to the initial remand order of this court; (2) he is

entitled to a new trial and a jury determination regarding the applicability of the § 53-202k enhancement provision; and (3) he was never resentenced as required by the remand order of this court. The trial court, *Devlin, J.*, denied the first two claims. As to the third, Judge Devlin noted that, following this court's remand in the habeas action, the habeas file indicated that the habeas court, *Bryant, J.*, had filed its own Motion for Judgment and resentenced the defendant to a total effective sentence of seventy-five years imprisonment without, however, the defendant's presence and without anything being placed on the record. In addition, the judgment mittimus was never modified to reflect the vacated conviction under § 53-202k. Accordingly, Judge Devlin vacated the conviction under § 53-202k and resentenced the defendant as follows: sixty years imprisonment on the murder conviction, and ten years on the assault conviction enhanced to fifteen years pursuant to § 53-202k, to run consecutively to the sentence on the murder conviction, for a total effective sentence of seventy-five years imprisonment. Judge Devlin also amended the mittimus to reflect the vacated conviction." (Citation omitted; footnotes added and omitted; internal quotation marks omitted.) *State* v. *Vivo*, supra, 147 Conn. App. 416–17.

Thereafter, the defendant appealed to this court claiming that "(1) Judge Devlin abused his discretion in denying the defendant appointed counsel to pursue his motion to correct an illegal sentence; (2) Judge Devlin improperly denied the defendant's motion to correct an illegal sentence; (3) Judge Devlin abused his discretion in determining that the defendant was not entitled to a new trial and jury determination as to the applicability of § 53-202k; (4) his sentence is unconstitutional and, therefore, his incarceration is illegal; (5) his resentencing by Judge Bryant was imposed in an illegal manner; (6) his sentence under § 53-202k constituted double jeopardy; (7) Judge Devlin abused his discretion when he vacated the conviction under § 53-202k on the mittimus and sentence[d] the defendant . . . on the assault charge and imposed [five] years without due process of law; and (8) the denial of his request for appellate counsel violated his constitutional rights under the federal and state constitutions, and his rights under General Statutes § 51-296." (Internal quotation marks omitted.) Id., 417–18. We concluded that the defendant's claims were without merit, and we, therefore, affirmed the court's judgment. Id., 418.

On February 10, 2015, the defendant filed another motion to correct an illegal sentence. After a hearing, the court, *Devlin, J.*, dismissed the motion. The defendant appealed to this court, and we affirmed the court's judgment. See *State* v. *Vivo*, 179 Conn. App. 906, 176 A.3d 1261, cert. denied, 328 Conn. 939, 184 A.3d 759, cert. denied,      U.S.     , 139 S. Ct. 349, 202 L. Ed. 2d 246 (2018).

On October 22, 2018, the defendant filed another motion to correct an illegal sentence claiming that he was sentenced illegally pursuant to § 53-202k. After a hearing, the court, *Devlin*, *J.*, on January 15, 2019, dismissed the motion on the ground that it lacked jurisdiction. This appeal followed.

On appeal, the defendant advances numerous claims, including that the trial court improperly concluded that it lacked jurisdiction and the alleged defect in the defendant's sentence enhancement related to his underlying conviction, and that the firearm he used is exempt from § 53-202k, making his sentence enhancement under § 53-202k illegal. The state counters, inter alia, that the defendant's claims relate to his underlying conviction, and, therefore, the court properly dismissed the motion to correct because it lacked jurisdiction. We agree with the state.

Initially, we set forth our standard of review. "The issue of whether a defendant's claim may be brought by way of a motion to correct an illegal sentence, pursuant to Practice Book § 43-22,[3] involves a determination of the trial court's subject matter jurisdiction and, as such, presents a question of law over which our review is plenary." (Footnote added.) *State* v. *Abraham*, 152 Conn. App. 709, 716, 99 A.3d 1258 (2014).

"The Superior Court is a constitutional court of general jurisdiction. In the absence of statutory or constitutional provisions, the limits of its jurisdiction are delineated by the common law. . . . It is well established that under the common law a trial court has the discretionary power to modify or vacate a criminal judgment before the sentence has been executed. . . . This is so because the court loses jurisdiction over the case when the defendant is committed to the custody of the [C]ommissioner of [C]orrection and begins serving the sentence. . . . Because it is well established that the jurisdiction of the trial court terminates once a defendant has been sentenced, a trial court may no longer take any action affecting a defendant's sentence unless it expressly has been authorized to act." (Internal quotation marks omitted.) *State* v. *Robles*, 169 Conn. App. 127, 132, 150 A.3d 687 (2016), cert. denied, 324 Conn. 906, 152 A.3d 544 (2017).

"Although the [trial] court loses jurisdiction over [a] case when [a] defendant is committed to the custody of the [C]ommissioner of [C]orrection and begins serving [his] sentence . . . [Practice Book] § 43-22 embodies a common-law exception that permits the trial court to correct an illegal sentence or other illegal disposition. . . . Thus, if the defendant cannot demonstrate that his motion to correct falls within the purview of § 43-22, the court lacks jurisdiction to entertain it. . . . [I]n order for the court to have jurisdiction over a motion to correct an illegal sentence after the sentence has

been executed, the sentencing proceeding [itself] . . . must be the subject of the attack. . . . [T]o invoke successfully the court's jurisdiction with respect to a claim of an illegal sentence, the focus cannot be on what occurred during the underlying conviction. . . .

"Connecticut courts have considered four categories of claims pursuant to [Practice Book] § 43-22. The first category has addressed whether the sentence was within the permissible range for the crimes charged. . . . The second category has considered violations of the prohibition against double jeopardy. . . . The third category has involved claims pertaining to the computation of the length of the sentence and the question of consecutive or concurrent prison time. . . . The fourth category has involved questions as to which sentencing statute was applicable. . . . [I]f a defendant's claim falls within one of these four categories the trial court has jurisdiction to modify a sentence after it has commenced. . . . If the claim is not within one of these categories, then the court must dismiss the claim for a lack of jurisdiction and not consider its merits." (Citations omitted; internal quotation marks omitted.) *State* v. *St. Louis*, 146 Conn. App. 461, 466–67, 76 A.3d 753, cert. denied, 310 Conn. 961, 82 A.3d 628 (2013).

We turn now to the defendant's claims, which can be distilled into a single claim, namely, that the court improperly concluded that it lacked jurisdiction because there was evidence that in the course of the shootings he had used a MAC-11,[4] a weapon specifically exempted from the ambit of § 53-202k, and, instead, subject to the provisions of General Statutes § 53-202j. He argues that his sentence enhancement pursuant to § 53-202k is illegal because he used a MAC-11 assault weapon in the perpetration of the crimes. We conclude that this claim challenges the correctness of the defendant's underlying criminal conviction and that it, therefore, does not fall within any of the four categories that are a prerequisite for relief pursuant to Practice Book § 43-22.[5] "In order for the court to have jurisdiction over a motion to correct an illegal sentence after the sentence has been executed, the sentencing proceeding, and not the trial leading to the conviction, must be the subject of the attack." *State* v. *Lawrence*, 281 Conn. 147, 158, 913 A.2d 428 (2007).

In reviewing the defendant's claim on appeal, our decision in *State* v. *Thompson*, 190 Conn. App. 660, 212 A.3d 263, cert. denied, 333 Conn. 906, 214 A.3d 382 (2019), serves as a useful guide. Although we note that the underlying conviction in *Thompson* was for conspiracy to commit robbery in the first degree, robbery in the first degree, and kidnapping in the first degree, and did not involve a sentence enhancement pursuant to § 53-202k as in the present case, the defendants in both cases failed to challenge their sentences or the relevant sentencing proceedings in their motions to correct an

illegal sentence. Accordingly, *Thompson* is helpful in the resolution of this appeal.

In *Thompson*, the defendant, following his conviction, filed a motion to correct an illegal sentence, claiming that his sentence should be vacated because there existed no evidence to show there was a plan between him and a codefendant to support his conviction for conspiracy to commit robbery in the first degree. Id., 663. We affirmed the judgment of the trial court to dismiss the motion to correct for lack of subject matter jurisdiction. Id., 667. Specifically, we stated: "[T]he only claim before the court was whether the state had produced sufficient evidence to support the defendant's conviction for conspiracy to commit robbery in the first degree. . . . [We have] held that a claim of insufficient evidence do[es] not concern the legality of [a defendant's sentence] or the manner in which it was imposed and therefore lies outside the court's jurisdiction in regard to a motion to correct an illegal sentence. Put differently, the defendant's motion constituted a collateral attack on his conviction and, thus, was not within the court's jurisdiction." (Citation omitted; internal quotation marks omitted.) Id., 666; see also *State* v. *Starks*, 121 Conn. App. 581, 590, 997 A.2d 546 (2010).

In the present case, the defendant essentially claims that the state did not disprove his claim, based on eyewitness testimony, that, during the shootings, he used only a MAC-11 firearm, which, pursuant to General Statutes § 53-202a, is defined as an assault weapon, and is, thereby, exempted from the ambit of § 53-202k. Similar to *Thompson*, in which the defendant did not challenge the legality of his sentence or the sentencing proceeding, the defendant's appeal in the present case attacks the evidence underpinning his conviction by claiming that the state did not offer evidence sufficient to prove that the sentence enhancement statute should apply. Thus, as the court noted in its ruling, the problem with the defendant's claim is not the potential merit of the claim but that a motion to correct an illegal sentence is not the proper procedural path for the defendant to raise such a claim because it challenges his underlying conviction. The court, therefore, properly concluded that it lacked jurisdiction to consider the defendant's motion to correct an illegal sentence.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] General Statutes § 53-202k provides: "Any person who commits any class A, B or C felony and in the commission of such felony uses, or is armed with and threatens the use of, or displays, or represents by his words or conduct that he possesses any firearm, as defined in section 53a-3, except an assault weapon, as defined in section 53-202a, shall be imprisoned for a term of five years, which shall not be suspended or reduced and shall be in addition and consecutive to any term of imprisonment imposed for conviction of such felony."

General Statutes § 53-202a provides in relevant part: "As used in this section and sections 53-202b to 53-202k, inclusive: (1) 'Assault weapon' means:

"(A) (i) Any selective-fire firearm capable of fully automatic, semiautomatic or burst fire at the option of the user or any of the following specified semiautomatic firearms . . . MAC-10, MAC-11 and MAC-11 Carbine type . . . ."

We note that although the legislature has made amendments to § 53-202a since the events underlying the present appeal; see Public Acts 2013, No. 13-220, §§ 3, 4 and 21; Public Acts 2013, No. 13-3, § 25; Public Acts 2001, No. 01-130, § 1; Public Acts 1993, No. 93-306, § 1; those amendments have no bearing on this appeal.

[2] Our Supreme Court set forth the following facts underlying the defendant's conviction. "On February 23, 1994, at approximately 7:15 p.m., Yolanda Martinez and William Terron were crossing a courtyard at the Evergreen Apartments in Bridgeport when the defendant and two other persons, armed with semiautomatic weapons, ran up to them. Martinez identified the two others as Joel Rodriguez and Eric Floyd. The defendant pulled Terron near a fence where he shot Terron ten times, killing him. At the same time, Rodriguez shot Martinez in the hand and in the upper right arm, before he and Floyd ran to a nearby car. The defendant then ran over to where Martinez lay on the ground and shot her in the legs three times. . . . [When the] police responded to a report of gunshots at the Evergreen Apartments . . . they found Terron, who had suffered multiple gunshot wounds to the head, chest and back and . . . pronounced [him] dead at the scene. The police also found Martinez, who had suffered multiple gunshot wounds to the lower part of her body. Martinez told Detective Donald Jacques that she and Terron had been shot by the defendant, that the defendant had an Uzi type weapon and that two other persons had been involved in the shootings. Other witnesses had heard rapid-fire gun shots during this episode. The police also found numerous nine millimeter bullet fragments at the scene." *State* v. *Vivo*, supra, 241 Conn. 667–71.

[3] Practice Book § 43-22 provides: "The judicial authority may at any time correct an illegal sentence or other illegal disposition, or it may correct a sentence imposed in an illegal manner or any other disposition made in an illegal manner."

[4] During the defendant's underlying criminal trial, Edward Jachimowicz, a forensic scientist for the forensic science laboratory of what is now the Department of Emergency Services and Public Protection, testified that a MAC-11 is a semi-automatic firearm resembling an Uzi, chambered in nine millimeter, originally manufactured by Military Armaments Corporation but now manufactured by S.W. Daniel, Inc.

[5] We note that the defendant's criminal conviction pursuant to § 53-202k was reversed by this court in *Vivo* v. *Commissioner of Correction*, supra, 90 Conn. App. 177.