******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# STATE OF CONNECTICUT *v.* WALTER BOBBY AYALA
## (AC 39171)

Lavine, Moll and Bishop, Js.

*Syllabus*

Convicted of the crimes of sexual assault in the fourth degree and of risk of injury to a child in connection with his alleged sexual abuse of the twelve year old victim, the defendant appealed to this court. Before trial, the trial court had granted the defendant's motion to obtain the victim's mental health records. The court conducted an in camera review and found that portions of the record were probative of the victim's mental capacity to know or correctly relate the truth and had the potential to show motive or bias. As a result, the court disclosed redacted copies of the records to the defendant. On appeal, the defendant claimed, for the first time, that the trial court abused its discretion in failing to disclose the redacted portions of the victim's mental health records, thereby violating his constitutional right to confrontation. *Held* that the trial court did not abuse its discretion in its selection of records to disclose and those portions to withhold from the defendant following its in camera review, as the records provided to the defendant secured his constitutional right to confront the victim at trial; that court properly disclosed all materials especially probative of the witness' capacity to relate the truth or to observe, recollect, and narrate relevant occurrences, and the defendant was able to utilize pertinent details disclosed in the records to thoroughly cross-examine and to question the victim about her past self-injurious behavior and her resultant hospitalization, her depression, the contents of her journal, her strained relationship with her mother, her long held desire to live in New York with her father, her dislike of the defendant, and her knowledge of the fact that her neighbor's niece had made false sexual assault allegations in an attempt to extricate herself from her living situation, which demonstrated that the defendant was able to fully and effectively cross-examine the victim about her possible motives, biases, and capacity to relate the truth.

Argued May 16—officially released July 24, 2018

*Procedural History*

Substitute information charging the defendant with two counts of the crime of sexual assault in the fourth degree and with one count of the crime of risk of injury to a child, brought to the Superior Court in the judicial district of New Britain, geographical area number fifteen, and tried to the jury before the court, *Keegan, J.*; verdict and judgment of guilty, from which the defendant appealed to this court. *Affirmed.*

*Donald F. Meehan*, with whom, on the brief, was *Walter C. Bansley IV*, for the appellant (defendant).

*Margaret Gaffney Radionovas*, senior assistant state's attorney, with whom, on the brief, were *Brian Preleski*, state's attorney, and *Elizabeth M. Moseley*, assistant state's attorney, for the appellee (state).

*Opinion*

BISHOP, J. The defendant, Walter Bobby Ayala, appeals from the judgment of conviction, rendered following a jury trial, of two counts of sexual assault in the fourth degree in violation of General Statutes § 53a-73a (a) (1) (A), and one count of risk of injury to a child in violation of General Statutes § 53-21 (a) (2). On appeal, the defendant claims that the trial court abused its discretion by failing to disclose redacted portions of the victim's mental health records following the court's in camera review of the records pursuant to *State* v. *Esposito*, 192 Conn. 166, 471 A.2d 949 (1984), thereby violating his sixth and fourteenth amendment right to confrontation. We affirm the judgment of the trial court.

The following facts, which the jury reasonably could have found, and procedural history are relevant to this appeal. The defendant resided with the then twelve year old victim,[1] the victim's mother, and the victim's two younger siblings in an apartment in New Britain. The defendant was in a relationship with the victim's mother. During one unspecified night in March, 2011, the defendant came into the victim's room while she was sleeping on two separate occasions. During one encounter, he touched her buttocks, and during the other encounter, he touched the victim's vagina and attempted to pull down her pajama pants.[2]

The incident was not reported to the police until April, 2012, when the victim disclosed the abuse to her father and his fiancé while visiting them in New York. At this time, the victim spoke to a New Britain police officer over the phone. The victim's allegations prompted the New York Administration for Children's Services and the Connecticut Department of Children and Families (department) to conduct an investigation. Members of the department interviewed the victim as part of its investigation. The victim also received treatment at the Wheeler Clinic in Connecticut.

The defendant was subsequently arrested and charged with two counts of sexual assault in the fourth degree in violation of § 53a-73a (a) (1) (A) and one count of risk of injury to a child in violation of § 53-21 (a) (2). Before trial, the defendant filed a motion to obtain records from the department and the Wheeler Clinic pertaining to the victim's mental health pursuant to *State* v. *Esposito*, supra, 192 Conn. 166, and *State* v. *Bruno*, 236 Conn. 514, 673 A.2d 1117 (1996), arguing that the records were probative of the victim's mental capacity to know or correctly relate the truth and had the potential to show motive or bias. The court granted the motion and, after the victim consented, the court conducted an in camera review of the victim's department file and her Wheeler Clinic file. The court found that portions of the records were probative of the vic-

tim's mental capacity to know or correctly relate the truth and had the potential to show motive or bias. As a result, the court disclosed redacted copies of the records to the defendant. At trial, the jury returned a verdict of guilty as to all charges. The court subsequently sentenced the defendant to a total effective sentence of eight years of incarceration and twelve years of special parole. This appeal followed. Additional facts will be set forth as necessary.

We first address whether the defendant's claim that the court violated his right to confrontation by failing to disclose redacted portions of the victim's mental health records following its in camera review of those records is reviewable. We note, at the outset, that the defendant failed to preserve this issue at trial. Our Supreme Court has indicated that, when a court has conducted an in camera review and has disclosed only a portion of the material sought, it is necessary for the defendant to object to any of the court's redactions at the trial stage before raising the claim on appeal. See *State* v. *Cecil J.*, 291 Conn. 813, 829 n.12, 970 A.2d 710 (2009) (noting that it was "incumbent" on defendant to object to trial court's redactions at trial); *State* v. *Harris*, 227 Conn. 751, 761, 631 A.2d 309 (1993) (defendant objected to court's limited disclosure of personnel file after in camera review and challenged action on appeal).

In his brief, the defendant asserts that "to the degree this claim is not preserved," he is entitled to review under *State* v. *Golding*, 213 Conn. 233, 567 A.2d 823 (1989), as modified by *In re Yasiel R.*, 317 Conn. 773, 781, 120 A.3d 1188 (2015). Under *Golding*, "a defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation . . . exists and . . . deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt. In the absence of any one of these conditions, the defendant's claim will fail." (Emphasis in original; footnote omitted.) *State* v. *Golding*, supra, 239–40. "The first two steps in the *Golding* analysis address the reviewability of the claim, while the last two steps involve the merits of the claim." (Internal quotation marks omitted.) *State* v. *Britton*, 283 Conn. 598, 616, 929 A.2d 312 (2007).

*Golding*'s first prong is satisfied because the defendant has provided us with an adequate record to review his constitutional claim. *Golding*'s second prong is also satisfied because an erroneous restriction on the defendant's access to a witness' confidential records "implicates the defendant's constitutional right to impeach

and discredit state witnesses." (Internal quotation marks omitted.) *State* v. *Bruno*, supra, 236 Conn. 532. Accordingly, the defendant's claim is reviewable. His claim fails, however, under *Golding*'s third prong.

We set forth the applicable principles necessary to review the defendant's claim on the merits. "The need to balance a witness' statutory privilege to keep psychiatric records confidential against a defendant's rights under the confrontation clause is well recognized." *State* v. *Slimskey*, 257 Conn. 842, 855, 779 A.2d 723 (2001). Our Supreme Court has set forth the procedure used to strike this balance. "If . . . the claimed impeaching information is privileged there must be a showing that there is reasonable ground to believe that the failure to produce the information is likely to impair the defendant's right of confrontation such that the witness' direct testimony should be stricken. Upon such a showing the court may then afford the state an opportunity to secure the consent of the witness for the court to conduct an in camera inspection of the claimed information and, if necessary, to turn over to the defendant any relevant material for the purposes of cross-examination. If the defendant does make such showing and such consent is not forthcoming then the court may be obliged to strike the testimony of the witness. If the consent is limited to an in camera inspection and such inspection, in the opinion of the trial judge, does not disclose relevant material then the resealed record is to be made available for inspection on appellate review. If the in camera inspection does reveal relevant material then the witness should be given an opportunity to decide whether to consent to release of such material to the defendant or to face having her testimony stricken in the event of refusal." *State* v. *Esposito*, supra, 192 Conn. 179–80.

"Upon inspecting the records in camera, the trial court must determine whether the records are especially probative of the witness' capacity to relate the truth or to observe, recollect and narrate relevant occurrences. . . . If the court determines that the records are probative, the state must obtain the witness' further waiver of his privilege concerning the relevant portions of the records for release to the defendant, or have the witness' testimony stricken. . . . Once the trial court has made its inspection, the court's determination of a defendant's access to the witness' records lies in the court's sound discretion, which we will not disturb unless abused." (Internal quotation marks omitted.) *State* v. *McMurray*, 217 Conn. 243, 257–58, 585 A.2d 677 (1991). This court has also recognized that "[a]lthough the constitutional right of cross-examination guarantees the opportunity for effective cross-examination . . . that does not mean cross-examination that is effective in whatever way, and to whatever extent, the defense might wish. . . . That right does not include, in a word, unrestricted cross-examination."

(Internal quotation marks omitted.) *State* v. *Calderon*, 82 Conn. App. 315, 330, 844 A.2d 866 (2004), cert. denied, 270 Conn. 905, 853 A.2d 523 (2004), cert. denied, 543 U.S. 982, 125 S. Ct. 487, 160 L. Ed. 2d 361 (2004). Accordingly, we review the trial court record, including the records that were disclosed and those portions that were not provided to the defendant, to determine whether the court abused its discretion in limiting the defendant's access to the victim's mental health records.

Pursuant to the teaching of *State* v. *Esposito*, supra, 192 Conn. 166, this court conducted a review of the undisclosed portions of the records at issue. On the basis of that review, we conclude that the court did not abuse its discretion in its selection of records to disclose and those portions to withhold from the defendant. We conclude, as well, that the records provided to the defendant secured his constitutional right to confront the victim at trial. In sum, the court properly disclosed all materials especially probative of the witness' capacity to relate the truth or to observe, recollect, and narrate relevant occurrences. As a result, the defendant was able to utilize pertinent details disclosed in the records to thoroughly cross-examine the victim. During the trial, the defendant was able to question the victim about her past self-injurious behavior and her resultant hospitalization, her depression, the contents of her journal, her strained relationship with her mother, her long held desire to live in New York with her father, her dislike of the defendant, and her knowledge of the fact that her neighbor's niece had made false sexual assault allegations in an attempt to extricate herself from her living situation. The defendant was thus able to fully and effectively cross-examine the victim about her possible motives, biases, and capacity to relate the truth.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] In accordance with our policy of protecting the privacy interests of the victims of sexual assault and the crime of risk of injury to a child, we decline to identify the victim or others through whom the victim's identity may be ascertained. See General Statutes § 54-86e.

[2] At trial, the victim testified that she was unsure of the order in which these events occurred.